IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KATHERINE ELIZABETH PAIZ,

Defendant.

No. CR 06-00710 WHA

**ORDER ON SECOND REQUEST FOR SPECIFIC DISCOVERY**

Section 2255 counsel for defendant Paiz has filed a second request for permission to conduct specific discovery on "matters which in no way impact the interlocutory appeal" (Dkt. No. 462 at 2). Defendant Paiz seeks to propound to the government interrogatories set number one, relating to witness Regina DeGidio. The government raises a general objection to continued discovery pending the intervenor appeal, but is "willing to respond to the interrogatories submitted by counsel" (Dkt. No. 464 at 1–2). Defendant Paiz's submitted interrogatories are deemed propounded for response by **DECEMBER 14, 2011**.

Defendant Paiz also seeks to propound to the government request for production of documents set one. Requests numbers two, three, and four of this set relate to the performance of trial counsel Nina Wilder "the very witness whose deposition is being stayed pending the current intervenor appeal" (*id*. at 2). The government objects to these requests, stating that the "Court has previously ordered that the deposition is properly stayed, and the United States submits that discovery requests directly related to information that could be obtained at that deposition should be stayed as well" (*ibid*.). The government also objects on the ground that these three requests for

1 production are each extremely broad. Defendant Paiz's requests two, three, and four relate to
2 matters affected by the interlocutory appeal. Thus, the request to propound to the government
3 requests numbers two, three, and four of defendant's request for production of documents set one
4 is **DENIED**.

Defendant Paiz's request number one of the first set of requests for production states, "Please provide any and all documents related to government witness Regina DeGidio, including but not limited to documents reflecting her work history, educational background and any expertise, which have not already been provided to Ms. Paiz's former defense counsel in Bates stamped or other trial discovery" (Dkt. No. 462 at 20). The request refers to the time period from 2006 to the present. The government objects to this request because it is "extremely broad, seeking, for example, 'any and all documents' in the government's possession on a given subject" (Dkt. No 464 at 2). The order finds request number one is overly broad. Thus, the request to propound to the government request number one of defendant's request for production of documents set one is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE