1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  UNITED STATES OF AMERICA,                     No. CR 06-00710 WHA
11          Plaintiff/Respondent,
12  v.                                            **ORDER ON REMAND**
13  KATHERINE PAIZ GONZALEZ ,
14          Defendant/Petitioner, and
15  LUIS ALBERTO GONZALEZ,
16          Defendant/Intervenor.
17  _____/
18
19          Our court of appeals remanded for the purpose of determining the extent and duration of
20  a joint defense agreement between counsel for Ms. Katherine Paiz Gonzalez and Mr. Luis
21  Alberto Gonzalez.  In response to the remand order of the court of appeals, the Court held an
22  evidentiary hearing *in camera*, as instructed.  The hearing was held today and lasted
23  approximately one hour and fifteen minutes.  Two witnesses testified under oath:  Attorney
24  Daniel Blank, trial counsel for Mr. Gonzalez, and Attorney Nina Wilder, trial counsel for Ms.
25  Paiz.  Attorney Blank was represented by Attorney Mary McNamara.  Attorney Wilder was
26  represented by Attorney Doran Weinberg.  The following were present in the courtroom for all
27  testimony:  Attorney McNamara, Attorney Weinberg, Attorney Josh Cohen on behalf of
28  intervenor Mr. Gonzalez, and Steven Kalar, Public Defender.  Section 2255 counsel and
    government counsel were not present.  The transcript will be filed under seal for the benefit only

1  of counsel present and the court of appeals.  Counsel for the government was invited to submit

2  questions under seal and ex parte for the *in camera* inquiry but declined to do so.

3  Both witnesses refused to answer some questions on the advice of counsel, contending

4  that answers to those questions would have revealed privileged information.  This possibly was

5  consistent with the opinion of the court of appeals (but the opinion did not expressly address this

6  point).  The Court is unable to say that the refusals to answer were invalid, given the fact that the

7  appellate opinion did not require such answers (despite the *in camera* nature of the hearing).

8  The Court nonetheless did ask further questions, which were answered.

9  The remand questions were:  (1) Did the joint defense agreement implicitly end at some

10  point?  (2) If so, when?  (3) When was the relevant communication here (the ultimate

11  representation regarding what Mr. Gonzalez would testify to at Ms. Paiz's trial) made?

12  The Court finds as follows.  Yes, there was a joint defense agreement.  It existed during

13  the entire period in question, including both trials at least and including the communications

14  regarding what Mr. Gonzalez would testify to if called as a witness at Ms. Paiz's trial.  The

15  timing of the communications concerning what Mr. Gonzalez would say if called as a witness

16  occurred both before and after the verdict in Mr. Gonzalez's case (and, of course, all were before

17  the decision was made not to call him).  Based upon the opinion by the court of appeals, these

18  conclusions mean that the government is not allowed to inquire into any information protected

19  by the joint defense privilege, including what counsel for Mr. Gonzalez told Attorney Wilder,

20  Mr. Gonzalez would say on examination.

21  Counsel should proceed to promptly complete discovery and to exchange expert reports.

22

23  **IT IS SO ORDERED.**

24

25  Dated: April 4, 2012.

26  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

27

28